# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
ALANNA ALBRIGHT,

                Plaintiff/Petitioner,

    - against -                              Index No. 503178/2016

AARON'S, INC.,

                Defendant/Respondent.
-----------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

    NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

    The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

    **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

    **Parties not represented by an attorney:** Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form. However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 3/9/2016

_____
Signature

Louis Ginsberg, Esq.
_____
Name

Law Firm of Louis Ginsberg, P.C.
_____
Firm Name

1613 Northern Boulevard
_____
Address

Roslyn, NY 11576

(516)625-0105 x18
_____
Phone

lg@louisginsberglawoffices.com
_____
E-Mail

To: Aaron's, Inc.

309 E Paces Ferry Rd NE

Atlanta, GA 30305

9/3/15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------X
ALANNA ALBRIGHT,                                 : Index No: 503178/2016
                                                 : Date Filed: 3/7/2016
              Plaintiff                          :
                                                 : SUMMONS
      -against-                                  :
                                                 :
AARON'S, INC.,                                   :
                                                 :
              Defendant.                         :
---------------------------------------------------------X

To:   Aaron's, Inc.
      309 E Paces Ferry Rd NE
      Atlanta, GA 30305

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates Kings County as the place of trial.

      The basis for venue is Defendant's place of business.

Dated: March 4, 2016
      Roslyn, New York

                                    THE LAW FIRM OF LOUIS GINSBERG, P.C.
                                    Attorneys for Plaintiff
                                    1613 Northern Boulevard
                                    Roslyn, NY 11576
                                    (516) 625-0105

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------X
ALANNA ALBRIGHT,

                       Plaintiff,

            -against-

AARON'S, INC.,

                      Defendant.
------------------------------------------------------------X

Index No.: 503178/2016
Date Filed: 3/7/2016

COMPLAINT
JURY TRIAL DEMANDED

Plaintiff Alanna Albright by her counsel, the Law Firm of Louis Ginsberg, P.C., alleges for her Complaint as follows:

## NATURE OF ACTION

1. This action seeks to recover damages for unpaid overtime and violations of New York Labor Law ("NYLL") committed by Defendant and its agents against Plaintiff.

## PARTIES

2. Plaintiff was employed by Defendant Aaron's, Inc. ("Aaron's" or "Defendant") at multiple locations throughout Brooklyn, New York. Plaintiff was, throughout her entire employment with Defendant, a covered, non-exempt employee within the meaning of the NYLL § 190(2). As such, Plaintiff was entitled to be paid in full for all hours worked.

3. Defendant employed Plaintiff at multiple locations throughout New York. Defendant maintained control, oversight, and direction over Plaintiff regarding time keeping, payroll, and other employment practices applicable to her. Defendant by virtue of its management and control over the wages and work of Plaintiff is classified as an "employer" under New York Labor Law ("NYLL") §190(3).

1

4. Upon information and belief, Defendant has sixty three (63) locations in the state of New York.

## FACTS

5. Plaintiff was employed by Defendant from on or about January 26, 2015 until on or about January 9, 2016 as a salaried exempt employee. Upon information and belief, her job title was troubleshooter. Yet, based upon Plaintiff's job duties, she was misclassified. Defendant promised to pay Plaintiff a salary of approximately $50,000.

6. Plaintiff worked approximately 70 to 80 hours per week for Defendant. Because Plaintiff was misclassified, Defendant failed to compensate Plaintiff for all hours worked over forty (40) in a week at an overtime rate of time and one-half her regular rate of pay.

7. Plaintiff's job duties at Defendant were of a non-exempt nature and included but were not limited to making collection calls, going to customer's homes for collections, tracking collections, receiving deliveries, rearranging furniture in stores, and moving furniture in stores. Plaintiff spent roughly 90% of her time handling collection duties such as calls, home visits and tracking collections. Plaintiff's job duties were almost identical to those of manager trainees employed by Defendant. Upon information and belief, manager trainees worked on collections for Defendant. Upon information and belief, manager trainees made collection calls, went to customer's homes for collections and tracked collections. However, manager trainees were non-exempt employees of Defendant and were paid overtime for all hours worked over forty (40) in a week.

8. Defendant however misclassified Plaintiff as exempt and informed her that she would not get paid any overtime. At the same time, Defendant also made clear that Plaintiff was not management, and in her role as troubleshooter, Plaintiff had no ability to hire or fire workers.

2

Defendant only paid Plaintiff for forty (40) hours a week regardless of how many hours Plaintiff actually worked because of this misclassification.

9. Upon information and belief, Plaintiff typically was scheduled to work for Defendant from 8 a.m. until 9 p.m. Monday thru Friday and from 8 a.m. until 5 p.m. on Saturday. Plaintiff did not receive a meal break during her shifts and many times would work past 9 p.m., sometimes as late as midnight.

10. All work done by Plaintiff was related to her core job duties and was performed throughout the day and included, making collection calls, going to customer's homes for collections, tracking collections, receiving deliveries, rearranging furniture in stores, and moving furniture in stores.

11. This resulted in Plaintiff working approximately thirty (30) to forty (40) hours over forty (40) hours per week and she was not paid for those additional hours of work.

12. Plaintiff did discuss her lack of overtime pay with Defendant and was told that while she was not a manager, she was classified as exempt and thus was not eligible for overtime.

13. In addition, Defendant failed to provide accurate wage statements to Plaintiff.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST THE DEFENDANT FOR NONPAYMENT OF OVERTIME IN VIOLATION OF THE NEW YORK LABOR LAW

14. Plaintiff incorporates paragraphs 1-13 as if fully rewritten herein.

15. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.2 apply to Defendant and protect Plaintiff.

16. Defendant has failed to pay Plaintiff overtime wages to which she is entitled under the New York Labor Law and the supporting New York State Department of Labor Regulations.

17. By Defendant's knowing and/or intentional failure to pay Plaintiff's overtime wages for

hours worked in excess of 40 hours in a week, Defendant has willfully violated New York Labor Law §§ 190, *et. seq.*, 191, 193, 198, New York Labor Law §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

18. Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST THE DEFENDANT FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NEW YORK LABOR LAW

19. Plaintiff incorporates paragraphs 1-18 as if fully rewritten herein.

20. Defendant has willfully failed to supply Plaintiff, as required by NYLL, Article 6, § 195(3) with an accurate statement with every payment of wages, listing gross wages, deductions and net wages.

21. Through its knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

22. Due to Defendant's willful violation of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each day that Defendant failed to provide Plaintiff with an accurate wage statement, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided by NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief against the Defendant:

4

(a) An Award for the amount of the Plaintiff's unpaid overtime, and pre- and post-judgment interest as allowed by law;

(b) An award to Plaintiff of statutory penalties for Defendant's failure to provide Plaintiff with accurate wage statements, or a total of $5,000, as provided by the NYLL;

(c) An award to Plaintiff of reasonable attorneys' fees and costs pursuant to New York Labor Law;

(d) An award to Plaintiff of liquidated damages;

(e) An award to Plaintiff of expert fees; and

(f) An award to Plaintiff of such further relief as this Court deems just and proper.

Dated:  March 4, 2016
Roslyn, New York

Respectfully submitted,

THE LAW FIRM OF
LOUIS GINSBERG, P.C.

By: _____
Louis Ginsberg, Esq.
1613 Northern Boulevard
Roslyn, N.Y. 11576
(516) 625-0105 X. 18
Attorneys for Plaintiff

5





```
9214 8969 0059 7935 1037 69

20160318021
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543
```

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested